```
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JEROME PAUL WILSON,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CALIFORNIA STATE PRISON, LOS ANGELES COUNTY, et al.,<br><br>　　　　Defendants. | No. CV 08-8142-R (PLA)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On March 23, 2010, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that plaintiff's action be dismissed with prejudice. Thereafter, on April 8, 2010, plaintiff filed Objections to the R&R together with a "Memorandum of Points and Authorities in Support of Plaintiff's Objection" ("Memorandum" or "Memo."). ("Objections").

## DISCUSSION

In his Objections, plaintiff seeks further leave to amend. (See Objs. at 6). To the extent that the Court can discern his objections, plaintiff appears to raise the following contentions in his Objections and Memorandum:

(1) Plaintiff's First Amended Complaint ("FAC") did correct the deficiencies in his claims identified by the Magistrate Judge, and the Magistrate Judge therefore should have accepted the FAC as adequate, rendering the subsequent orders to file a Second Amended Complaint ("SAC") and then a Third Amended Complaint "moot." Plaintiff argues that the Court should "grant plaintiff's First Amended Complaint in conjunction with the Second Amended Complaint." (See Objs. at 5-6; Memo. at 2, 4).

(2) The Magistrate Judge erred in finding that defendants Kittner, Ayers, and Campbell are immune from monetary damages in their official capacities, apparently because they are subject to liability pursuant to Monell v. New York City Department of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). (See Objs. at 6; Memo. at 3).

(3) The Magistrate Judge erred in finding that plaintiff's allegations were insufficient to state a claim pursuant to the First Amendment and RLUIPA because plaintiff adequately alleged that his "religious beliefs was [sic] compromised," and that defendant Campbell "assaulted" plaintiff when he snatched a religious necklace from plaintiff's neck. (See Memo. at 3-6). Plaintiff also argues that his allegations are sufficient to state a claim pursuant to RLUIPA because defendants interfered with and burdened his religious beliefs when they "refused to followed [sic] the issued 'Memorandum' of April 5, 2006." (See Memo. at 5-6).

(4) Plaintiff's allegations are sufficient to state a Fourteenth Amendment claim that is not duplicative of his First Amendment Claim because he has alleged a violation under the Equal Protection Clause. (See Memo. at 6-7).

(5) Defendants Ayers and Kittner can be held liable under a theory of respondeat superior because Ayers "knew that plaintiff and the other inmate Muslims were being denied their First Amendment rights, based on the … inmate grievance," and because Kittner stayed in his office and failed to prevent the incident. (See Memo. at 7-8).

(6) Defendants are not protected by a theory of qualified immunity in their individual capacities because plaintiff's allegations did "describe a First and Fourteenth Amendment violation." (See Memo. at 8-9).

1    Initially, as the Magistrate Judge repeatedly advised plaintiff, his FAC failed to list any
2  defendants, failed to set forth any specific claims, and referenced allegations apparently set forth
3  in unattached documents. The Magistrate Judge dismissed the FAC on December 31, 2009,
4  finding that the FAC failed to comply with Federal Rule of Civil Procedure 8(a) and 8(d), and failed
5  to state a claim against any defendant. Similarly, the Magistrate Judge dismissed the SAC on
6  February 18, 2010, finding that its allegations remained insufficient to state a claim against any
7  defendant. Accordingly, the Court rejects plaintiff's arguments that the Court should accept or
8  "grant" his FAC, or his SAC.

9    Second, plaintiff is incorrect that defendants are subject to monetary damages in their
10 official capacities. They are state officers, and the Eleventh Amendment bars actions against state
11 officers sued in their official capacities for monetary damages that involve a complainant's
12 federally protected rights. See Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988). Further, Monell
13 is inapplicable to plaintiff's claims because none of the named defendants are employees of a
14 local government entity, such as a city.

15   Third, as the Magistrate Judge advised plaintiff, his allegations are insufficient to state a
16 claim pursuant to either RLUIPA or the First Amendment because he failed to allege that any
17 named defendant denied plaintiff a reasonable opportunity to practice his religion. Plaintiff's
18 allegation that he and other Muslims were once denied the use of a chapel, or that Campbell
19 snatched a religious necklace from his throat, are insufficient to allege that any action by any
20 defendant placed a substantial burden on plaintiff's religious beliefs or practices. Further, plaintiff's
21 allegations that prison officials failed to follow or comply with prison regulations are insufficient to
22 state a federal civil rights claim pursuant to RLUIPA or § 1983.

23   Fourth, plaintiff has altogether failed in his pleadings or his Memorandum to set forth any
24 facts sufficient to state a claim pursuant to the Equal Protection Clause, which requires that he
25 allege that a specific defendant treated him differently than other prisoners with an intent or
26 purpose to discriminate against him based on membership in a protected class, such as race or
27 ethnicity. See Washington v. Davis, 426 U.S. 229, 239-42, 96 S. Ct. 2040, 48 L. Ed. 2d 597
28 (1976).

1        Fifth, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).  Here, plaintiff has again failed to allege that defendants Ayers and Kittner were personally involved in the alleged constitutional deprivation.  Moreover, the mere participation of defendants in plaintiff's administrative appeal process is an insufficient basis on which to state a federal civil rights claim against those defendants.  See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

       Sixth, the Magistrate Judge did not reach the issue of qualified immunity in dismissing the operative pleading herein.

       Finally, the Court denies plaintiff's request for leave to amend to file a Fourth Amended Complaint.  Although requests for leave to amend, particularly those from a litigant proceeding pro se, should be allowed with extreme liberality, the Court does not abuse its discretion in denying leave to amend where amendment would be futile.  See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996); Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990); Morongo Valley Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  In this case, further leave to amend would be futile because plaintiff already has demonstrated in several attempts that he is unable to cure the deficiencies of his claims by amendment, and plaintiff's Objections and Memorandum fail to add any new facts to his previous attempts to state a claim on which relief may be granted.

/
/
/
/
/
/

4

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the action, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED:  May 27, 2010

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE